(October 30, 1980)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL EADDY, Appellant.—Judgment unanimously reversed, on the law and facts, motion to suppress granted, and indictment dismissed. Memorandum: Plainclothes detectives responded to an anonymous telephone call that there were persons with heroin in their possession on the front porch of a residence on Alexander Street in the City of Rochester. Upon their arrival in an unmarked vehicle several people were seen leaving the porch. At a pretrial suppression hearing, police testified that when they identified themselves as police officers, defendant jumped over the porch railing and began to run with a hand in his jacket pocket. When ordered to freeze, defendant stopped and removed his hand from his pocket. The officer approached defendant, frisked him and found a .25 caliber pistol in his jacket pocket. Defendant's motion to suppress the gun which formed the basis of the indictment against him, claiming, inter alia, that police lacked probable cause to stop and search him was denied and defendant was subsequently found guilty, following a jury trial, of two counts of criminal possession of a weapon in the third degree (Penal Law, § 265.02, subds [1], [4]). On appeal, defendant contends that the court erred in denying his motion to suppress. We agree. A warrantless search is not permissible on the basis of information supplied by an informant where there is no indication of how the informant acquired his knowledge and where police have been able to confirm only by their own inquiry and observations details supplied by the informant which are personal in nature and not in any way suggestive of criminal activity (People v Elwell, 50 NY2d 231). A warrantless search will be sustained only when the police observe conduct suggestive of, or directly involving, the criminal activity about which an informant who did not indicate the basis for his knowledge has given information to the police (People v Elwell, supra, p 241). The record herein is insufficient to show what the police observed that suggested any criminal activity. Defendant's flight, where there is nothing to establish that a crime has been or is being committed, is an insufficient basis for seizure or for the limited detention that is involved in pursuit (People v Howard, 50 NY2d 583, 592). (Appeal from judgment of Monroe County Court—criminal possession of weapon, third degree.) Present—Dillon, P. J., Cardamone, Simons, Callahan and Witmer, JJ.