■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ALEXANDER PEREZ, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Balbach, J.), dated May 16, 1985, which, after a hearing, granted that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the order is reversed, on the law, the branch of the defendant's omnibus motion which was to suppress physical evidence is denied, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.

Criminal Term granted that branch of the defendant's omnibus motion which was to suppress a gun on the ground that the stop of the defendant's vehicle was illegal and therefore tainted the subsequent recovery of the weapon. Under *People v Boodle* (47 NY2d 398, *cert denied* 444 US 969), however, it was error for the court to suppress the weapon. The defendant's act of walking away from the police officer and dropping the gun behind some bushes was not "a sponta-

neous reaction to a sudden and unexpected confrontation with the police", but rather "an independent act involving a calculated risk" *(People v Boodle, supra,* p 404). The seizure of the gun could not have been tainted, therefore, by any illegality in the arrest. Lazer, J. P., Mangano, Bracken and Kooper, JJ., concur.