■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHNNY McFADDEN, Respondent.—Order unanimously affirmed. Memorandum: While patroling at 10:30 P.M. in an area known for drug trafficking, two officers in an unmarked car observed a group of males congregated about a van parked at a curb. Persons were observed going in and out of the van, and one of the officers saw defendant extend his hand toward another person. As the unmarked car pulled into a driveway across the street to turn around, the group dispersed in all directions. One of the officers got out of the vehicle and asked defendant, who was walking toward the officer, to come over. Defendant responded, "Who me?", and then ran. He was pursued by both officers and as he ran, he removed his coat and carried it for a considerable distance. While going over a fence, defendant dropped the coat. The officers retrieved the coat and upon searching pockets, found a bag with several glassine packets containing cocaine inside.

The suppression court found that the officers lacked any reasonable suspicion that criminal activity was afoot when defendant was asked to come over to the police vehicle, and that the subsequent pursuit was not justified and was unlawful. The court's factual findings are supported by the record and since the determination was not clearly erroneous, we decline to disturb it. *(People v Prochilo*, 41 NY2d 759; *People v Goodrich*, 126 AD2d 835, *lv denied* 69 NY2d 880; *People v Sheirod*, 124 AD2d 14, 19, *lv denied* 70 NY2d 656.)

Defendant had the right not to talk with the police and to flee *(see, People v Howard,* 50 NY2d 583, *cert denied* 449 US 1023). Where, as here, there were no additional indicia of criminal activity *(see, People v Johnson,* 64 NY2d 617; *People v Lee,* 126 AD2d 568, 569-570; *People v Torres,* 115 AD2d 93, 98), the fact of flight was an insufficient basis for pursuit *(People v Howard, supra,* at 592; *People v Eaddy,* 78 AD2d 761), and the pursuit constituted an unlawful detention. The court correctly determined that the coat was dropped as a spontaneous reaction to the hot pursuit and was not abandoned *(People v Howard, supra; People v Torres, supra; People v Glover,* 82 AD2d 43). Since seizure of the coat was a fruit of the unjustified pursuit and detention, it and its contents were properly suppressed *(Wong Sun v United States,* 371 US 471; *People v Howard, supra).* (Appeal from order of Monroe County Court, Egan, J.—motion to suppress.) Present—Dillon, P. J., Boomer, Balio, Lawton and Davis, JJ.