■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY WILLIAMS, Appellant.—Appeal by the defendant

from a judgment of the Supreme Court, Kings County (Demakos, J.), rendered June 6, 1984, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress certain identification testimony and ignore the statements made by him to the police.

Ordered that the judgment is affirmed.

The hearing court properly denied that branch of the defendant's motion which sought to suppress a gun recovered near the location of his arrest. The defendant's act of running from the police officers and throwing the gun into a yard nearby was not "a spontaneous reaction to a sudden and unexpected confrontation with the police", but rather "an independent act involving a calculated risk" (see, People v Boodle, 47 NY2d 398, 404, cert denied 444 US 969; People v Perez, 123 AD2d 791). Therefore, the seizure of the gun was not tainted by any illegality in the officers' pursuit and apprehension of the defendant.

Further, the hearing court properly denied that branch of the motion which sought to suppress the defendant's inculpatory statements to the police, which were made approximately seven hours after the defendant was advised of, and waived his *Miranda* rights. The defendant was in continuous police custody during that period, and a review of the record of the hearing reveals no evidence of coercion by the authorities or that the statement was not voluntarily made (see, People v Anderson, 42 NY2d 35, 38; People v Glinsman, 107 AD2d 710, lv denied 64 NY2d 889, cert denied 472 US 1021).

We have reviewed the remainder of the defendant's contentions and find them to be without merit. Bracken, J. P., Kunzeman, Spatt and Sullivan, JJ., concur.