■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LARRY BARNES, Respondent.—Order, Supreme Court, New York County (Alvin Schlesinger, J.), entered June 3, 1987, which granted defendant's motion to suppress certain physical evidence and a statement, unanimously reversed on the law, the motion denied, and the case remanded to the Supreme Court for further proceedings.

Transit Police Officer James Pollo was patrolling a northbound "A" subway train shortly before midnight on December 20, 1986. As the train neared the 125th Street station, Officer Pollo noticed defendant sitting in the subway car holding, in his right hand, an abnormally wide hand-rolled cigarette with pointed ends exposed to public view. As the officer entered the car, defendant tried to hide the cigarette by covering it with his hand. Based on his training and experience, Officer Pollo believed that the cigarette's large size and pointed ends were indicative of a marihuana "joint". Pollo approached defendant and asked for the cigarette. When defendant complied, Pollo

smelled the cigarette and concluded that it had an odor like marihuana. He thereupon arrested the defendant and when the train pulled into the 125th Street station, Pollo led defendant from the train and took him to an area near the token booth, where he frisked him and found small quantities of marihuana and cocaine in his pockets and a loaded pistol in his waistband. As Pollo recovered the gun, defendant spontaneously remarked that "I didn't think you were going to look over there". Pollo then read defendant his *Miranda* rights.

Defendant was indicted for the crime of criminal possession of a weapon in the third degree based on this incident. Prior to trial, he moved to suppress both the gun and his statement as the products of an unlawful arrest.

After a hearing at which Officer Pollo testified credibly as to the facts as described above, the motion was granted. The hearing court found that the police officer had no probable cause to arrest the defendant because the only observation made by the officer was that defendant was holding an unlighted cigarette which was not in violation of the laws governing smoking in the subways. The court observed that many people still smoke hand-rolled cigarettes and found, therefore, that the mere observation of a hand-rolled cigarette was an insufficient basis for probable cause.

We reverse and deny the motion to suppress. Contrary to the conclusion reached by the hearing court, we find that the experienced officer's observation of the distinctively shaped and rolled cigarette combined with defendant's furtive attempt to hide it from view was clearly sufficient to lead him to reasonably suspect that the defendant possessed marihuana. *(See, People v Kreichman,* 37 NY2d 693, 698.) When the officer observed the cigarette, he did not immediately arrest or search the defendant. He merely asked the defendant for the cigarette, and defendant handed it over. The issue is whether or not the action of the police officer was justified at its inception and whether or not it was reasonably related in scope to the circumstances which rendered its initiation possible. *(People v Cantor,* 36 NY2d 106, 111.) Here, the officer's activity in merely asking for the cigarette was minimally intrusive and reasonably related to the scope of the circumstances at hand. It was a limited and reasonable inquiry designed to ascertain whether or not the cigarette contained marihuana, as suspected. Once he smelled the cigarette which emitted the singular aroma of marihuana, the officer had probable cause to suspect that defendant was committing a crime. Consequently, his subsequent arrest and frisk of the

defendant were justified, and the motion to suppress should have been denied. Concur—Kupferman, J. P., Sullivan, Milonas and Ellerin, JJ.