■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

MITCHELL SHAIA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fertig, J.), rendered April 27, 1987, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

We agree with the Supreme Court that the police officer's observations of the defendant's conduct were sufficient to allow the police to approach the defendant and request information from him (see People v De Bour, 40 NY2d 210, 223). Under these circumstances, the defendant's act in response to that legal intrusion, i.e., the shoving of the police officer and the dropping of the bag which he was carrying, was not "a spontaneous reaction to a sudden and unexpected confrontation with the police" but rather "an independent act involving a calculated risk" (People v Boodle, 47 NY2d 398, 404, cert denied 444 US 969; People v Williams, 137 AD2d 568). When the police officer properly picked up the bag and felt the gun inside, he had probable cause to arrest the defendant and conduct a search incident thereto. Mangano, J. P., Brown, Kooper and Sullivan, JJ., concur.