■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

JAMES THOMAS, Appellant.—Judgment unanimously reversed on the law, motion granted and matter remitted to Erie County Court for further proceedings, in accordance with the following memorandum: While on routine patrol at about 4:45 A.M. through a residential neighborhood in a marked patrol car, two uniformed police officers observed defendant, who was carrying a 10-speed bicycle and what appeared to be a bowling bag, standing near a fence in a backyard. One of the officers observed defendant hop the fence between two backyards. Although the police car had not even stopped, defendant, upon making eye contact with one of the officers, immediately threw down the bicycle, jumped back over the fence from where he had just come, and ran. In our view, defendant's flight, coupled with the other indicia of criminal activity, provided the officers with reasonable suspicion to pursue defendant (see, People v Leung, 68 NY2d 734, 736; People v Hill, 127 AD2d 144, appeal dismissed 70 NY2d 795). Because the bicycle and the bag were abandoned by defendant in response to legal police activity, the court properly denied defendant's motion to suppress those items (see, People v Leung, supra, at 736-737; People v Boodle, 47 NY2d 398, cert denied 444 US 969; People v Buckley, 147 AD2d 898, affd 75 NY2d 843).

Although the police had only reasonable suspicion to stop and question defendant based on the observations of the patrolling officers (see, People v De Bour, 40 NY2d 210, 223), defendant was arrested and handcuffed immediately upon apprehension by an officer who had responded to a call for backup. The People argue on appeal that defendant's immediate arrest was based upon probable cause because defendant had assaulted the arresting officer. However, the People failed to call the arresting officer to testify at the suppression hearing; therefore, this record does not contain evidence sufficient to allow a determination that the actions of the arresting officer were legal (see, People v Muhammad, 120 AD2d 937, 939). Because the People failed to meet their burden of proving that defendant's arrest was based upon probable cause (see, People v Berrios, 28 NY2d 361, 367-368), all evidence obtained after defendant's arrest and all of defendant's statements must be suppressed. (Appeal from judgment of Erie County Court, Kepner, J.—attempted burglary, third degree.) Present—Callahan, J. P., Doerr, Boomer, Green and Davis, JJ.