■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT C. JOHNSON, Appellant.—Judgment reversed on the law, plea vacated, motion granted in part, and matter remitted to Supreme Court for further proceedings, in accordance with the following memorandum: Defendant appeals from a judgment convicting him, upon a plea of guilty, of attempted burglary in the second degree, arguing that the court erred in denying his motion to suppress physical evidence. While patrolling a parking lot located in a high-crime area, Officer Palmieri observed defendant and another individual enter the parking lot on foot; one was carrying a camera and a brown box, and the other was carrying a white plastic bag. As Officer Palmieri drove toward them, they dropped the items and fled. The officer pursued them by car and then on foot, and, after ordering defendant to approach with his hands raised, he conducted a pat-down search. We agree with defendant that the court should have granted his motion with respect to physical evidence found during the pat-down search (see, People v Howard, 50 NY2d 583, 586, cert denied 449 US 1023; People v McFadden, 136 AD2d 934). A different result was warranted in People v Thomas (161 AD2d 1167, lv denied 76 NY2d 796), in which the pursuit was justified because of the suspicion of trespassing. We hold, however, that defendant's motion was properly denied with respect to property abandoned by him before he fled because the police were entitled to approach defendant to question him, and it was during the initial approach that he abandoned the objects and fled (see, People v Leung, 68 NY2d 734, 736-737).

All concur, except Boomer, J. P., and Balio, J., who dissent and vote to affirm, in the following memorandum.

Boomer, J. P., and Balio, J. (dissenting). We disagree with the majority that the physical evidence seized as the result of a stop and frisk of defendant should be suppressed. When the police officer approached a parking lot where numerous thefts had occurred and saw defendant flee from the lot and discard items including a camera, he had a reasonable suspicion that defendant had committed a crime. Based on that suspicion, the officer was justified in pursuing defendant and stopping

him. The facts are different from those in *People v Howard* (50 NY2d 583, *cert denied* 449 US 1023), cited by the majority, because, in *Howard (supra),* the defendant did not drop articles before he was pursued by the police. In *Howard (supra),* the court held that flight, unaccompanied by other suspicious circumstances, was not sufficient to justify police pursuit. Here, the fact that defendant fled when the police approached in a marked police car, together with the fact that, before the police officer pursued him, he dropped seemingly valuable items, supplied the officer with sufficient reason to suspect that defendant had committed a crime. The abandonment of valuable items and flight upon the approach of the police is not reasonably susceptible to an innocent motive. Although innocent persons may dislike the police and attempt to avoid them, it is most unlikely that they would abandon valuable possessions while doing so. This case is more analogous to *People v Thomas* (161 AD2d 1167, *lv denied* 76 NY2d 796) than *People v Howard (supra).* In *Thomas (supra),* as here, defendant not only fled when he made eye contact with the police, but he abandoned the bicycle he was carrying. (Appeal from judgment of Supreme Court, Erie County, Ostrowski, J. —attempted burglary, second degree.) Present—Boomer, J. P., Green, Pine, Balio and Davis, JJ.