■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADDIS WOLDEGUIORGUIS, Appellant. [600 NYS2d 568] —Judgment unanimously reversed on the law, motion to suppress granted, and indictment dismissed. Memorandum: At about 1:50 A.M.

on September 6, 1989, an unidentified citizen informed a Rochester police officer that he had observed three persons engaged in suspicious behavior in the parking lot of a nearby restaurant. The citizen testified at a suppression hearing that he did not provide police with a description of the individuals or the "suspicious" activity. Sergeant Brunett testified, however, that the citizen had told him that a black male, white male and white female were "rifling" through a blue car. Within a minute or two, three police officers traveling in separate vehicles arrived at the restaurant parking lot. Sergeant Brunett, the first officer to arrive, observed a white male sitting in the driver's seat of a blue car, a black male (defendant) exiting that car, and a white female walking away from that car and in the direction of the restaurant. Brunett, with gun drawn, directed the white male to stay put and to raise his hands. When either Brunett or another officer told defendant to stop, defendant fled. An officer pursued and yelled: "Stop, stop. You're under arrest. Stop." Defendant continued to flee. The officer caught defendant, tackled him and a scuffle ensued. The officer was injured during the scuffle, and defendant was charged with two counts of assault in the second degree and one count of resisting arrest based upon his conduct in resisting apprehension.

Supreme Court erred in denying defendant's motion to suppress an oral statement made while defendant was being transported to the police station. The hearing court concluded that there was probable cause for the arrest of defendant for assaulting the officer, and thus found it unnecessary to consider whether the initial pursuit of defendant was justified. That was error. Defendant's conduct in resisting apprehension could not transform an initial unlawful detention into a lawful one unless the taint of that initial detention was attenuated (see, People v Felton, 78 NY2d 1063). The People did not argue that there was attenuation. The hearing court nevertheless was obligated to consider whether the police possessed sufficient knowledge to justify the initial pursuit of defendant. In the interest of judicial economy, we have reviewed the record of the suppression hearing to resolve that issue.

We conclude that, when the officer yelled that defendant was under arrest during pursuit, a reasonable person, innocent of any crime, would have believed that the police intended to arrest him. At that point, however, the police lacked

probable cause. The police had no knowledge that a crime had been committed or that it was probable that defendant had committed one *(see, People v Santiago,* 136 AD2d 942; *People v Muhammad,* 120 AD2d 937, 939). Although flight is a factor to consider on the issue of probable cause, other facts must exist to show that a crime was committed and that defendant committed it *(see, People v Howard,* 50 NY2d 583, 592, *cert denied* 449 US 1023; *People v Eaddy,* 78 AD2d 761). The informant's generalized description of suspicious activity was insufficient to establish probable cause. Thus, on this record, suppression is required.

We have reviewed defendant's remaining contentions and find them to lack merit. (Appeal from Judgment of Supreme Court, Monroe County, Sirkin, J., plea; Mark, J., suppression —Attempted Assault, 2nd Degree.) Present—Denman, P. J., Pine, Balio, Doerr and Davis, JJ.