■ LaSalle Company, Respondent, v Town of Hillsdale et al., Defendants, and Collipe Associates, Appellant. [605 NYS2d 154] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Connor, J.), entered April 5, 1993 in Columbia County, upon a decision of the court in favor of plaintiff.

In 1988, plaintiff, a real estate partnership, purchased land in the Town of Hillsdale, Columbia County. After its proposed subdivision of the property was rejected by the Town Planning Board on the ground that the parcel had no public road frontage, plaintiff brought this action seeking a declaration that a particular length of roadway (hereinafter the access road), extending from Taconic Creek Road to plaintiff's property line and slightly beyond, is in fact a public road. Collipe Associates, which owns an adjoining parcel through which the access road passes before it reaches plaintiff's land, was joined as a defendant along with the Town of Hillsdale and the Town's Highway Superintendent. Several neighbors moved for, and were granted, permission to intervene as defendants.

After a bench trial at which testimony was given by several surveyors, Town employees, an archaeologist and a title expert, among others, Supreme Court found in favor of plaintiff, declaring the access road to be a public road 15.5 feet in width. Collipe appeals.

The physical evidence proffered on plaintiff's behalf, including old maps of the area which show a continuous roadway leading to a house on plaintiff's property, coupled with the opinions of plaintiff's experts, provides ample basis for Supreme Court's factual conclusion that the access road was a

public road in the 19th century *(see, Thoreson v Penthouse Intl.,* 80 NY2d 490, 495; *Levy v Braley,* 176 AD2d 1030, 1033), and given the lack of any evidence of abandonment, that it is still a public road *(see, Matter of Shawangunk Holdings v Superintendent of Highways of Town of Shawangunk,* 101 AD2d 905, 907).

Moreover, there is sufficient credible record evidence to justify Supreme Court's alternative finding that, regardless of its date of construction, the access road has become a public road through use and maintenance for a period in excess of 10 years *(see,* Highway Law § 189). Plaintiff's proof established that the Town regularly plowed the road in the winter, and ditched and graded it in the summer, from at least 1977 through 1987. And Earl Clark, a former Town Highway Superintendent, testified that the level of the Town's maintenance was the same as that performed on other Town roads; this activity was clearly more than the occasional plowing or road work which has been found to be insufficient to show that the Town has maintained or assumed charge of the road involved *(compare, Nogard v Strand,* 38 AD2d 871; *La France v Town of Altamont,* 277 App Div 917, 918).

Nor did Supreme Court, as Collipe urges, err in declaring the present width of the road to be 15.5 feet; this finding is supported by Clark's testimony that the travel track of the road was measured to be 9.5 feet and that the Town commonly "ditched" the road. The court's addition of three feet on either side for the ditches, resulting in a conclusion that the total width of the road is 15.5 feet, was not unreasonable.

Weiss, P. J., Mikoll, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed, with costs.