■ In the Matter of CAMILLE H., a Person Alleged to be a Juvenile Delinquent, Respondent. [626 NYS2d 120] —Order, Family Court, Bronx County (Susan Larabee, J.), entered October 29, 1993, which, granted the respondent's motion to suppress, unanimously reversed, on the law, without costs, and the matter remanded to the Family Court.

A police officer may take a child under the age of 16 into custody without a warrant in cases where he may arrest an adult for a crime (Family Ct Act § 305.2 [2]). In this case, the officer testified that respondent possessed what he believed to be marihuana in a public place and in plain view in violation of Penal Law § 221.10. Further, the officer testified that he believed the respondent to be in her *late* teens. The use of the cigar-shaped "blunt" for smoking marihuana and the officer's knowledge of this use was clearly sufficient to lead the officer to reasonably believe that the respondent possessed marihuana, and was, therefore, guilty of the misdemeanor of

criminal possession of marihuana in the fifth degree (Penal Law § 221.10).

"Where a police officer entertains a reasonable suspicion that a particular person has committed, is committing or is about to commit a felony or misdemeanor, the CPL authorizes a forcible stop and detention of that person (CPL 140.50, subd 1; see *Terry v Ohio,* 392 US 1; *People v Cantor, supra).* A corollary of the statutory right to temporarily detain for questioning is the authority to frisk if the officer reasonably suspects that he is in danger of physical injury by virtue of the detainee being armed (CPL 140.50, subd 3). Finally a police officer may arrest and take into custody a person when he has probable cause to believe that person has committed a crime, or offense in his presence (CPL 140.10)." *(People v De Bour,* 40 NY2d 210, 223.)

Therefore, the officer, who had probable cause to believe the respondent had committed a misdemeanor in his presence, was entitled to take her into custody and search her incidental to that lawful arrest.

Even if the officer only had a founded suspicion that "criminal activity was afoot" he possessed the common-law right to inquire, permitting him to interfere to the extent necessary to gain explanatory information *(supra,* at 223). Thus, the request that respondent walk over to the officer and his asking what she was holding was a minimal intrusion reasonably related to the scope of the circumstances at hand and the subsequent arrest and frisk of the respondent, resulting in the seizure of a switchblade knife with a blade of 6 to 7 inches, was justified *(see, People v Barnes,* 149 AD2d 359, 360, *lv denied* 74 NY2d 736). Concur—Ellerin, J. P., Wallach, Asch and Nardelli, JJ.