■ In the Matter of JOSHUA L., a Person Alleged to be a Juvenile Delinquent, Appellant. [632 NYS2d 77] —Order of disposition, Family Court, New York County (Judith Sheindlin, J.), entered on or about July 9, 1994, which adjudicated respondent a juvenile delinquent following a fact-finding determina-

tion that he committed acts which, if committed by an adult, would constitute the crime of murder in the second degree, and placed him restrictively for a period of 5 years, unanimously affirmed, without costs.

The hearing court properly found that respondent was not in custody until after he made incriminating statements. The evidence showed that when four plainclothes detectives came to respondent's house, his mother, unaccompanied by the detectives, woke him up. Respondent's father told him to get dressed and go to the police station. Respondent and his father then rode together to the police station in the back seat of a police car and were taken to a designated juvenile room, where neither was ever handcuffed, restrained or searched. Respondent was never separated from a parent (*see, People v Yukl*, 25 NY2d 585, *cert denied* 400 US 851). In addition, respondent's waiver of his *Miranda* rights was properly found to be knowing and intelligent upon evidence that he was of at least average intelligence, able to give clear and polysyllabic responses, and that all questioning took place in a designated youth room in the presence of respondent's father (*Matter of James W.*, 130 AD2d 753).

Moreover, prior to respondent's first statement, both he and his father were read the *Miranda* warnings in Spanish and English; after each question, respondent and his father were asked if they understood, to which they replied in the affirmative; and respondent and his father signed the *Miranda* worksheet. Respondent's second statement was admissible by virtue of the prior warnings, since he and his father never left the precinct, the second interview was conducted within a reasonable time of the first, and they were reminded that they had previously been read the *Miranda* rights (*see, People v Williams*, 137 AD2d 568, *lv denied* 71 NY2d 1035). The third, videotaped, statement was given after respondent was again advised, in full, of his *Miranda* rights. Concur—Ellerin, J. P., Wallach, Ross, Asch and Mazzarelli, JJ.