■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEMETRIUS ROBINSON, Appellant. [695 NYS2d 848] —Judgment unanimously affirmed. Memorandum: County Court properly denied defendant's motion seeking suppression of physical evidence on the ground that it was seized as the result of illegal police conduct. The Village of Lyons police officers who arrested defendant testified at the suppression hearing that they were driving their patrol car in the direction of a factory parking lot located beyond the boundaries of the Village when they observed defendant standing with a group of men. As they approached defendant, he moved his hand near his mouth and then threw an object to the ground and stepped on it. When the officers reached the spot where the object had been discarded, they detected the odor of burning marihuana and observed a cigar containing marihuana, known as a blunt, on the ground. Because defendant's act of discarding the blunt was not in response to any illegal police conduct, the police were entitled to seize the blunt (*see, People v Leung,* 68 NY2d 734, 736). Further, at that point the officers had probable cause to arrest defendant for criminal possession of marihuana in the fifth degree (Penal Law § 221.10 [1]; *see, Matter of Camille H.,* 215 AD2d 143, 144; *People v Barnes*, 149 AD2d 359, 360-361, *lv denied* 74 NY2d 736; *People v Schobert,* 93 AD2d 949, 950). We reject the contention that the police lacked probable cause to arrest defendant because the parking lot was not a public place as defined by Penal Law § 240.00 (1) (*see,* Penal Law § 221.10 [1]; *see generally, People v Deignan,* 116 Misc 2d 955, 959). Further, because criminal possession of marihuana in the fifth degree is a crime, the police were authorized to arrest defendant despite the fact that the crime was not committed within the geographical area of their employment (*see,* CPL 140.10 [3]). Finally, given that the officers' pursuit of defendant to effect the arrest was lawful, the recovery of the marihuana and cocaine discarded by defendant during that pursuit was

also lawful (*see, People v Leung, supra,* at 736). (Appeal from Judgment of Wayne County Court, Kehoe, J.—Criminal Possession Controlled Substance, 5th Degree.) Present—Green, J. P., Lawton, Pigott, Jr., Scudder and Balio, JJ.