*1067 Appeal from an order of Supreme Court, Onondaga County (Roy, J.), entered November 14, 2002, which, inter alia, granted the motion of plaintiffs for partial summary judgment on liability pursuant to Labor Law § 240 (1) and granted those parts of the motion of defendant-third-party plaintiff for summary judgment seeking common-law and contractual indemnification from third-party defendant.
It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying that part of the motion of defendant-third-party plaintiff seeking common-law indemnification from third-party defendant and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Ronald J. Cogan (plaintiff), an employee of third-party defendant, Precision Steel Erectors, Inc. (Precision), while he was erecting a steel frame for a hunting lodge located on property owned by defendant, Madeira Associates (Madeira). In the course of the work, plaintiff was struck by a crane and fell approximately 15 to 20 feet. Supreme Court, inter alia, granted the motion of plaintiffs for partial summary judgment on liability pursuant to Labor Law § 240 (1) and denied that part of the cross motion of Precision seeking summary judgment dismissing that cause of action based on the homeowner exemption. The court also granted those parts of the motion of Madeira for summary judgment seeking common-law and contractual indemnification from Precision.
Precision contends that the court erred in denying that part of its cross motion with respect to Labor Law § 240 (1) because Madeira is entitled to the homeowner exemption set forth in Labor Law § 240 (1). We reject that contention. As a threshold matter, we note that Precision may properly raise the issue (see CPLR 1008), despite the fact that Madeira, the owner of the property, never asserted the applicability of the exemption and thus has waived its rights with respect to it. As the court properly determined, however, Precision failed to meet its initial burden of establishing that the lodge project “directly relates to the residential use of the [property]” (Bartoo v Buell, 87 NY2d 362, 368 [1996]; see Lombardi v Stout, 80 NY2d 290, 297 [1992]).
We agree with Precision that the court erred in granting that part of the motion of Madeira for summary judgment seeking common-law indemnification from Precision. In support thereof, *1068 Madeira offered only unsworn medical records and plaintiffs verified bill of particulars and thus failed to present the requisite competent medical evidence establishing that plaintiff sustained a grave injury within the meaning of Workers’ Compensation Law § 11 (see Fichter v Smith, 259 AD2d 1023 [1999], lv dismissed in part and denied in part 93 NY2d 994 [1999]; see also Joseph E.G. v East Irondequoit Cent. School Dist., 273 AD2d 835 [2000]). Precision’s contentions concerning contractual indemnification are raised for the first time on appeal and thus are not properly before us (see generally Killeen v Crosson, 284 AD2d 926, 927 [2001]). In any event, the court properly granted that part of the motion of Madeira for summary judgment seeking contractual indemnification from Precision (see Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co., 89 NY2d 786, 795 [1997], rearg denied 90 NY2d 1008 [1997]). We therefore modify the order by denying that part of the motion of Madeira seeking common-law indemnification from Precision. Present—Pigott, Jr., PJ, Green, Scudder, Kehoe and Hayes, JJ.