■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE SANCHEZ, Appellant. [778 NYS2d 521]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Collini, J.), rendered March 24, 2003, convicting him of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree, bribery in the first degree, and assault in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's assertion, the police detective who approached him had a common-law right of inquiry to question the defendant based upon his observations of the defendant rolling and licking a three- or four-inch long brown cigar wrapper which, based on his training and experience, the detective concluded was a marijuana cigar (*see* Penal Law § 221.10 [1]; *People v McIntosh,* 96 NY2d 521, 525 [2001]; *People v Hollman,* 79 NY2d 181, 181-184 [1992]; *People v De Bour,* 40 NY2d 210 [1976]; *Matter of Javier N.,* 226 AD2d 178 [1996]; *People v Barnes,* 149 AD2d 359, 360 [1989]). This common-law right of inquiry escalated to probable cause to arrest when the detective observed the defendant in possession of a knife, and the defendant began struggling with the detective who attempted to secure it (*see Matter of Camille H.,* 215 AD2d 143 [1995]). Therefore, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress the physical evidence seized during the ensuing search.

The defendant's remaining contention is without merit. Smith, J.P., S. Miller, Crane and Rivera, JJ., concur.