■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN FLEURY, Respondent. [779 NYS2d 133]—

Appeal by the People from an order of the County Court, Nassau County (Carter, J.), dated December 15, 2003, which, after a hearing, granted those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the order is reversed, on the law, those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials are denied, and the matter is remitted to the County Court, Nassau County, for further proceedings.

The defendant was one of three passengers in a taxicab that was lawfully stopped for a traffic infraction. As the police approached the taxicab, they observed the defendant, who was seated in the rear behind the driver's seat, holding in his left hand a clear plastic bag containing smaller red and black bags. The police also observed the defendant lean forward and place the clear plastic bag into the rear waistband of his pants. The officers believed that the clear plastic bag was consistent with the packaging of drugs due to the numerous drug arrests they had previously made and their extensive training in narcotics packaging and drug recognition.

After the police directed the defendant to exit the taxicab, one of the officers asked the defendant what he hid in the back of his pants, and the defendant responded "nothing." The officer then conducted an initial pat-down of the defendant in the area where the defendant hid the bag. At that point, the officer felt a "soft, cushiony-type object," and asked the defendant what the object was. The defendant then responded that it was "weed." When the officer attempted to continue the pat-down, the defendant pushed himself away from the officer. The defendant was subsequently subdued and searched. The officer eventually retrieved a plastic bag from the defendant's person. That bag was filled with smaller black and red bags containing marijuana and cocaine. The defendant was then transported to the station

house where the police recovered $940 from his front pants pocket. The defendant subsequently made a voluntary statement at the station house to the police admitting that he sold drugs.

After a hearing, the County Court granted that branch of the defendant's omnibus motion to suppress the physical evidence as the result of an illegal search. It further found that while the defendant's statement made to the police was voluntary, it should be suppressed as the fruit of the poisonous tree. We now reverse.

The People correctly contend that the observations of the police established probable cause for the defendant's arrest prior to the search of his person (*see People v Alvarez,* 100 NY2d 549, 550 [2003]). Therefore, neither the physical evidence recovered from him nor his statement should have been suppressed. Accordingly, the County Court erred in granting those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials. Florio, J.P., Luciano, Townes and Fisher, JJ., concur.