■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v THOMAS FEBUS, Respondent. [783 NYS2d 55]—

Appeal by the People from an order of the Supreme Court, Kings County (Brennan, J.), dated December 8, 2003, which granted those branches of the defendant's omnibus motion which were to suppress physical evidence and his statement to police after the search and seizure of controlled substances from his person.

Ordered that the order is reversed, on the law, and those branches of the defendant's omnibus motion which were to suppress physical evidence and his statement to police subsequent to the search and seizure of controlled substances from his person are denied.

On February 10, 2003, at approximately 11:15 P.M., the arresting officer was on routine motor patrol in a "high drug prone location" when he observed the defendant standing alone on a street corner looking down "into his right hand." From five feet away, the officer observed a plastic bag containing smaller pink ziploc bags in the defendant's right hand. The officer, who had spent over a year in the Street Narcotics Enforcement Unit and made over 50 arrests for possession of cocaine or heroin, was familiar with common methods of packaging cocaine and heroin.

The defendant looked at the officer with a "startled look on his face" and shoved the bags into the right pocket of his jacket. The arresting officer exited the vehicle, approached the defendant, and asked the defendant what he put into his pocket. The defendant replied "nothing." The officer then put his hand into the defendant's pocket and recovered 42 ziploc bags of cocaine and a black plastic bag containing 40 glassines of heroin.

The hearing court found that the officer's observation of the defendant with a plastic bag containing pink ziploc bags in his right hand activated the common-law right to inquire, permitting the officer to ask pointed questions (see People v Hollman, 79 NY2d 181, 184 [1992]; People v De Bour, 40 NY2d 210, 223 [1976]). The hearing court further found that once the defendant "lied about possessing" the ziploc bags the officer "clearly" had "reasonable suspicion to believe that the defendant" was "engaging in criminal behavior" but lacked probable cause to search his person.

On appeal, the defendant acknowledges that the officer, "under the facts as found, would have had the right to stop and detain defendant" and "would have been allowed to frisk" the defendant for weapons had the officer feared for his safety. However, the defendant contends that the search of the defendant's jacket pocket "went far beyond the allowable confines of a frisk."

In *People v Alvarez* (100 NY2d 549, 550 [2003]) the Court of Appeals held that observation of packaging commonly used to package cocaine provided "reasonable suspicion to stop the defendant." Similarly, in this case, the officer's observation of the defendant with packaging commonly used to package narcotics not only justified asking pointed questions but also provided reasonable suspicion to stop him.

The defendant's furtive movement of putting the bags in his pocket as the officer approached, coupled with his lie that he had "nothing" in his pocket, then raised the level of the encounter (*see People v Alvarez, supra* at 550; *see also People v Ortiz,* 103 AD2d 303 [1984], *affd* 64 NY2d 997 [1985]). However, since the encounter started with reasonable suspicion to stop, that response raised the level of the encounter to probable cause to believe that the defendant possessed narcotics, justifying the search and arrest of this person (*see People v Fleury,* 8 AD3d 585 [2004]).

Accordingly, the physical evidence seized and the defendant's statement subsequent to the seizure should not have been suppressed. Ritter, J.P., H. Miller, Goldstein and Skelos, JJ., concur.