■ CHERYL DWYER et al., Respondents, v TOWN OF RODMAN, Appellant. [805 NYS2d 747]—Appeal from a judgment (denominated order) of the Supreme Court, Jefferson County (Hugh A. Gilbert, J.), entered November 26, 2004. The judgment, upon a jury verdict, declared that the road in question is a town highway created by use and that defendant did not abandon the highway prior to New York State's acquisition of land adjacent to the highway.

It is hereby ordered that the judgment so appealed from be and the same hereby is affirmed with costs.

Memorandum: Defendant appeals from a judgment rendered following a jury trial declaring that Babbitts Corner Road is a town highway created by use (see Highway Law § 189) and that defendant did not abandon the highway prior to New York State's acquisition of land adjacent to the highway (see § 205 [1]). Contrary to defendant's contention, the verdict with respect to both issues is supported by sufficient evidence (see LaSalle Co. v Town of Hillsdale, 199 AD2d 685 [1993]). Defendant failed to preserve for our review its contention that Supreme Court's supplemental charge to the jury was erroneous (see Pagnella v Action for a Better Community, 57 AD2d 1076 [1977]). The contention of defendant that it is unable to carry out its duties pursuant to the judgment is not properly before us (see Cogan v Madeira Assoc., 1 AD3d 1066, 1068 [2003]).

All concur except Kehoe and Lawton, JJ., who dissent and vote to reverse in accordance with the following memorandum.

Kehoe and Lawton, JJ. (dissenting). We respectfully dissent. In our view, Supreme Court erred in denying defendant's motion to dismiss the complaint at the close of plaintiffs' proof at trial. We agree with the majority that plaintiffs offered sufficient evidence to establish that Babbitts Corner Road was used by the public, but plaintiffs failed to offer any evidence to establish the second essential element in the test to determine whether a road is a town highway within the meaning of Highway Law § 189, i.e., that defendant maintained the road for the requisite 10-year period (see Salvador v New York State Dept. of Transp., 234 AD2d 741, 742 [1996]; see generally Town of Addison v Meeks, 233 AD2d 843, 844 [1996], lv denied 89 NY2d 808 [1997]; LaSalle Co. v Town of Hillsdale, 199 AD2d 685, 686 [1993]). Contrary to plaintiffs' contention, maps

identifying Babbitts Corner Road as a town road are insufficient, in the absence of the requisite evidence of maintenance by defendant, to establish that it is a town highway within the meaning of Highway Law § 189 (*see Matter of Desotelle v Town Bd. of Town of Schuyler Falls*, 301 AD2d 1003, 1003-1004 [2003]). In addition, the reliance by plaintiffs upon a prior version of Highway Law § 3 in support of their contention that Babbitts Corner Road is a town highway is misplaced. In order to rely on that prior version, it must be assumed that Babbitts Corner Road was at all times a town highway, and that was the precise issue at trial and presently before this Court.

Therefore, we would reverse the judgment in favor of plaintiffs, grant defendant's motion and dismiss the complaint. Present—Green, J.P., Scudder, Kehoe, Smith and Lawton, JJ.