■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY E. FRANCIS, Appellant. [832 NYS2d 227]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Hayes, J.), rendered September 22, 2004, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The County Court correctly denied the branch of the defendant's omnibus motion which was to suppress physical evidence. The police officer who approached the defendant in an unmarked patrol car as the defendant was walking on a public street/sidewalk had a common-law right of inquiry to question the defendant, as he observed the defendant placing a leafy, green substance into a paper wrapper, which substance, based upon his training and experience, the officer concluded was marihuana (see People v De Bour, 40 NY2d 210 [1976]; People v Febus, 11 AD3d 554, 555-556 [2004]; People v Sanchez, 8 AD3d 504, 505 [2004]). The common-law right of inquiry escalated to probable cause to arrest for criminal possession of marihuana in the fifth degree when the officer observed the defendant with the substance and wrapper in hand from a distance of approximately three feet (see People v Sanchez, supra). The probable cause to arrest justified the subsequent arrest and search of the defendant, resulting in the seizure of the revolver (see People v Febus, supra at 556; Matter of Camille H., 215 AD2d 143, 144 [1995]).

Contrary to the defendant's assertion, the arresting officer's testimony was not incredible as a matter of law (see People v Rivera, 220 AD2d 782 [1995]). The determination of the suppression court, with its advantages of having seen and heard the witnesses, must be accorded great weight, and its determination should not be disturbed if it is supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]).

The defendant's remaining contentions, including the claim that the officer's request for him to approach the patrol car constituted an unlawful detention or seizure, are without merit. Miller, J.P., Spolzino, Fisher and Dillon, JJ., concur.