*918 OPINION OF THE COURT
Vincent B. Campbell, J.
Officer Brandon Goater of the Greece Police Department was on patrol in the Town of Greece, New York, on October 20, 2007, when he received a radio dispatch of a 911 call that a man was slumped over the wheel of his truck at a West Ridge Road and Manitou Road location.
Upon arriving at the scene, Officer Goater observed a maroon pickup truck parked on the west side of Manitou Road in the southbound lane, blocking traffic. Officer Goater approached the defendant who was seated in the vehicle and asked for his license and registration. The officer observed that the defendant had glassy, watery, bloodshot eyes and could smell an odor of an alcoholic beverage emanating from the vehicle. After the officer concluded his investigation, the defendant was arrested for driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (3) and (2), both criminal misdemeanors, and for being stopped on the roadway in violation of section 1201 (a) of the Vehicle and Traffic Law.
Manitou Road is the dividing line between the Town of Greece and the Town of Parma. The west side southbound lane is in the Town of Parma, while the east side northbound lane is in the Town of Greece. The issue before the court is whether the court has jurisdiction over the criminal and traffic charges filed against the defendant. The defendant contends that since the offenses occurred in the Town of Parma, the police officer did not have authority to arrest the defendant contending that the officer’s authority to arrest the defendant did not extend into the Town of Parma, but rather stopped at the center line of Manitou Road, being the boundary between the towns of Parma and Greece.
There is no dispute that the west side of Manitou Road is within 100 yards of the Town of Greece and clearly, pursuant to section 20.50 (2) of the Criminal Procedure Law, the court has geographical jurisdiction to preside over this case. The issue is whether the officer had authority to effectuate a valid arrest of the defendant for the crimes charged.
The defendant cites People v Graham (192 Misc 2d 528 [2002], affd 1 AD3d 1066 [4th Dept 2003]), in which the court concluded that a police officer of the Town of Amherst did not have authority to arrest the defendant for a traffic infraction he observed which occurred in the Town of Tonawanda side of Niagara Falls *919 Boulevard, being the dividing line between the Towns of Amherst and Tonawanda. The court cited section 140.10 (2) of the Criminal Procedure Law which limited the police officer’s authority to arrest the defendant for traffic infractions committed solely within the geographical limits of the town.
In the present case, the police officer did not initially observe the defendant commit any traffic infractions or crimes when he arrived upon the scene. Instead, he was dispatched to the scene of a 911 call to investigate the reported incident. The subsequent arrest of the defendant was not as a result of any investigatory stop by the officer for a traffic offense. Once he arrived at the location, the officer observed the condition of the defendant and, after his investigation, concluded he was intoxicated and arrested him for the crimes of driving while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]). Section 140.10 (3) of the Criminal Procedure Law authorizes a police officer to effectuate an arrest of a criminal offense even though the crime was not committed in the geographical area of the officer’s employment. In People v Robinson (265 AD2d 812 [1999]), the Appellate Division, Fourth Department, held that the arrest of the defendant by Village of Lyons police officers was valid even though the officers were outside the boundaries of their village when they observed the defendant and ultimately arrested the defendant for criminal possession of marihuana in the fifth degree which occurred outside the boundaries of the village. The court stated that because criminal possession of marihuana in the fifth degree was a crime, the police were authorized to arrest the defendant despite the fact that the crime was committed outside the geographical boundaries of their employment.
In the present case, even though the officer was outside the boundary of the Town of Greece, he was clearly authorized to arrest the defendant for the crimes of driving while intoxicated based upon the conclusions of his investigation. Therefore, the defendant’s arrest is valid. The motion to dismiss is denied.