OPINION OF THE COURT
Memorandum.
Ordered that the orders are reversed, on the law, defendant’s motions to suppress physical evidence and to dismiss the accusatory instrument are denied, the accusatory instrument is reinstated, and the matter is remitted to the Criminal Court for all further proceedings.
The People charged defendant with criminal possession of marihuana in the fifth degree (Penal Law § 221.10 [1]) and unlawful possession of marihuana (Penal Law § 221.05) based on the arresting officer’s observation that defendant possessed a marihuana “cigar,” which defendant “lit” in a public park and shared with a companion in the arresting officer’s plain view. Defendant moved to suppress the marihuana cigar. At the hearing before a judicial hearing officer, the arresting officer testified that, from an unmarked police vehicle and at a distance of 50 feet, he observed defendant pour marihuana from a ziplock bag on to rolling papers and smoke the resulting marihuana cigar with his companion, passing it back and forth. The officer then left his car and walked toward defendant. As he neared defendant, he detected what he recognized, from his training and over 100 arrests he had made for marihuana-related offenses, to be the smell of burning marihuana. Although defendant attempted to conceal the cigar from the officer’s view by “cupping” it in his hand, the officer arrested defendant and retrieved the still-burning cigar.
*14 At the time of the suppression hearing, the charges against the companion had already been resolved via an adjournment in contemplation of dismissal (CPL 170.56). Following consultation with her counsel and a colloquy with the court, the companion testified that she alone had prepared and smoked the marihuana cigar. She insisted that defendant, whom she described as her “boyfriend,” had no involvement in the events leading to her arrest other than to place his foot on the cigar, which she had thrown to the ground upon the arresting officer’s approach. The judicial hearing officer, in recommending suppression, credited the companion’s testimony, in essence, because he felt that the companion had testified against her penal interest and because he could not credit the arresting officer’s testimony that, from a distance of 50 feet, he could identify the substance being rolled and smoked to be marihuana. On January 5, 2009, the Criminal Court confirmed the judicial hearing officer’s findings of fact and conclusions of law, and granted defendant’s motion to suppress the physical evidence. The court subsequently granted defendant’s motion to dismiss the accusatory instrument. The People appeal and we reverse.
The hearing record does not support the judicial hearing officer’s determination that the companion testified against her penal interest. However, we need not decide whether the factual findings based on the companion’s testimony are, therefore, clearly erroneous (People v Hardie, 64 AD3d 666, 666-667 [2009]; see People v Prochilo, 41 NY2d 759, 761 [1977]) because her testimony, even if credited, establishes no legal basis to suppress the evidence. Even if the officer could not detect, from his initial vantage point, the nature of the substance used to prepare the cigar, the companion’s account did not contradict the officer’s testimony that his initial approach to defendant and the companion, for an informational inquiry, was based upon his observations, his training and experience in the indicia of the possession and use of marihuana, and his considerable enforcement experience in relation to the offenses charged (see People v De Bour, 40 NY2d 210, 223 [1976]). Such inquiry requires only an “objective credible reason not necessarily indicative of criminality” (People v Hollman, 79 NY2d 181, 185 [1992]). Indeed, such facts arguably support a common-law right of inquiry which is “activated by a founded suspicion that criminal activity is afoot” (De Bour, 40 NY2d at 223). As he neared defendant and his companion, he detected the characteristic smell of burning marihuana. If, as the companion testified, she *15 was smoking the marihuana as the officer approached her, and she threw the cigar to the ground upon detecting the officer’s presence, the officer properly seized the abandoned evidence (People v Robinson, 265 AD2d 812 [1999]; People v Barnes, 149 AD2d 359, 360 [1989]; Matter of Camille H., 215 AD2d 143 [1995]; People v Mays, 190 Misc 2d 310, 314-315 [Sup Ct, NY County 2001]). Moreover, if, as she testified, defendant had engaged in no criminal conduct with respect to the marihuana prior to its abandonment and seizure, defendant lacked standing to object to that seizure (People v Ramirez-Portoreal, 88 NY2d 99, 108 [1996]; People v Boodle, 47 NY2d 398, 404 [1979]; People v Mora, 259 AJD2d 562, 563 [1999]; People v Thomas, 161 AD2d 1167 [1990]; People v Shaia, 154 AD2d 410 [1989]).
In light of the foregoing, defendant’s motions to suppress physical evidence and to dismiss the accusatory instrument should have been denied. We pass on no other issue.
Golia, J.E, Pesce and Rios, JJ., concur.