THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MCCLENDON, Appellant. [939 NYS2d 530]—

According to the evidence adduced at a suppression hearing, the police received an anonymous report that a black male was armed with a gun in front of a specified address. Within a very short time, a police officer arrived at the scene and spoke briefly with the defendant. After walking around the area and ascertaining that the defendant was the only person there who met the vague description provided by the anonymous report, the officer approached the defendant again. Upon speaking with him a second time, the officer saw what appeared to be the outline of a gun in the defendant's right front pants pocket. The defendant was searched, and the police recovered a gun and ammunition. Later, the defendant made inculpatory statements to several police officers. The defendant moved, inter alia, to suppress the gun and ammunition, as well as his statements.

At the suppression hearing, a security video was admitted into evidence, which depicted portions of the defendant's encounter with the police. Although the security video contradicted certain aspects of the officer's testimony, the hearing court found the officer's testimony to be credible on the critical aspect of whether the officer saw the outline of a gun in the defendant's right front pants pocket. Based on that testimony, the

hearing court held that the police had acted properly. The court therefore denied the defendant's omnibus motion. The defendant eventually pleaded guilty to various crimes arising from the incident and, on this appeal, challenges only the denial of those branches of his omnibus motion which were to suppress the gun and ammunition, and his statements to law enforcement officials. We affirm.

As the parties agree, when the officer first encountered the defendant, she had only a founded suspicion that criminal activity was afoot, and thus had the right to conduct a common-law right of inquiry only (*see People v Moore*, 6 NY3d 496, 500 [2006]; *Matter of Dominique W.*, 84 AD3d 657, 657-658 [2011]). If the officer's testimony that she saw the outline of a gun in the defendant's right front pants pocket is credited, that testimony established that the police had reasonable suspicion to believe that the defendant had a gun and justified a search (*see People v Bowens*, 9 AD3d 372 [2004]).

The credibility findings of hearing courts are entitled to deference on appeal, but this Court may make its own findings of fact if it determines that the hearing court incorrectly assessed the evidence (*see People v Anderson*, 91 AD3d 789 [2012]; *People v Meyers*, 80 AD3d 715, 716 [2011]; *People v Rodriguez*, 77 AD3d 280, 284-285 [2010]; *People v O'Hare*, 73 AD3d 812, 813 [2010]; *Matter of Robert D.*, 69 AD3d 714, 716-717 [2010]). Here, we cannot say that the hearing court was incorrect in crediting the officer's testimony. While the security video established that certain noncrucial aspects of that testimony may have been inaccurate, it supported the officer's testimony on the crucial point that the defendant was not subjected to a forcible stop until the officer saw what appeared to be the outline of a gun in the defendant's pocket. Accordingly, we decline to disturb the hearing court's factual finding that the police did not unlawfully search the defendant, and that branch of the defendant's omnibus motion which was to suppress the physical evidence was properly denied. Finally, inasmuch as the defendant sought suppression of his statements solely on the ground that they were the "fruit of the poisonous tree" (*Wong Sun v United States*, 371 US 471, 488 [1963] [internal quotation marks omitted]), that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials also was properly denied (*see People v Day*, 8 AD3d 495, 496 [2004]; *cf. People v Febus*, 11 AD3d 554, 556 [2004]; *People v Fleury*, 8 AD3d 585, 587 [2004]). Balkin, J.P., Dickerson, Belen and Cohen, JJ., concur.