■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMAN SHIELDS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Coffinas, J.), rendered June 20, 1986, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The court did not err in denying the defendant's oral application, made at the time of sentencing, to withdraw his plea of guilty to assault in the second degree based upon a conclusory claim of self-defense. The defendant's factual recitation of the incident, as recorded in the plea minutes and presentence report, was not consistent with a defense of justification. The codefendant had pleaded guilty to the reduced charge of attempted assault in the second degree based on his less culpable role in the offense. The defendant, who was experienced in criminal proceedings and represented by counsel, acknowledged at the time of his guilty plea that he was waiving any defense and declined an opportunity at the sentencing to further elaborate upon his claim of self-defense. When a defendant asserts a defense, a hearing on the motion to withdraw the plea is not always necessary *(People v McClain,* 32 NY2d 697; *People v Tinsley,* 35 NY2d 926; *People v Dixon,* 29 NY2d 55). Under the circumstances of this case, the inquiry conducted by the sentencing court sufficed to enable the court to make an informed determination regarding the possibility of a justification defense and the defendant's know-

ing, intelligent and voluntary waiver of that defense *(cf., People v Polanco,* 96 AD2d 910). Mollen, P. J., Bracken, Rubin, Kooper and Spatt, JJ., concur.