■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT FORBES, Appellant. [665 NYS2d 173] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that his arrest and the subsequent search of his person were illegal. Defendant contends that the police lacked sufficient reason to approach and request to speak with him while he was standing on an open porch at a private residence. Based on information received from an informant, immediately prior to the approach, that defendant had sold him cocaine on several occasions in the past, the police had an "objective credible reason for that interference not necessarily indicative of criminality" (*People v De Bour*, 40 NY2d 210, 223). The police sought to learn defendant's identity to assist them in their investigation. After the police asked defendant if they could speak with him, he removed from his waist area what appeared to be a small handgun and placed it on a porch ledge, thereby providing the police with probable cause to arrest him (*see, People v De Bour, supra*, at 220-221, 223; *People v Heston*, 152 AD2d 999, 1000, *lv denied* 76 NY2d 858, 940). Thus, Supreme Court properly denied defendant's motion to suppress the gun, drugs found on defendant's person and a statement made by defendant (*see, People v Prochilo*, 41 NY2d 759, 761). (Appeal from Judgment of Supreme Court, Monroe County, Wisner, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Denman, P. J., Hayes, Callahan and Fallon, JJ.