■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK RILEY, Also Known as TERRY DANIELS, Appellant. [737

NYS2d 110] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered April 8, 1999, as amended April 12, 1999, convicting him of murder in the second degree (two counts), criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree (two counts), and tampering with physical evidence, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Appelman, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements he made to law enforcement officials.

Ordered that the judgment, as amended, is affirmed.

Two police officers observed a vehicle in which the defendant was a passenger speed past a stop sign. The driver of the vehicle then led the police on a high-speed chase after refusing to pull over as directed. The chase ended after two to three minutes when the vehicle turned down a dead end street and came up against a seven-foot wall. The two occupants immediately fled from the vehicle, and the defendant, carrying a black object in his right hand which the officer believed to be a gun, ran to the wall and threw the object over the wall. As the defendant attempted to scale the wall, the officer pulled him down and handcuffed him. The black object, a pistol, was recovered from the area beyond the wall.

The hearing court properly determined that the police had a founded suspicion that the defendant was engaged in criminal activity warranting the common-law right of inquiry, which, by virtue of the defendant's flight, ripened into reasonable suspicion to pursue (*see, People v Sierra*, 83 NY2d 928; *People v Largo*, 282 AD2d 548; *People v Decayette*, 217 AD2d 557). Further, since the pursuit of the defendant was justified, the gun discarded by the defendant was not subject to suppression as the result of unlawful police behavior (*see, People v Boodle*, 47 NY2d 398, *cert denied* 444 US 969; *People v Smith*, 243 AD2d 412; *People v Decayette, supra; People v Shaw*, 208 AD2d 382). Moreover, we agree with the hearing court that the defendant's statements, drawing, and consent to have his blood drawn were all admissible.

Finally, the record demonstrates that the defendant's plea of guilty was entered into knowingly, voluntarily, and intelligently, and that the court providently exercised its discretion in denying the defendant's motion to withdraw his plea based upon conclusory claims of self-defense and coercion (*see, People v Fiumefreddo*, 82 NY2d 536; *People v Billingsley*, 54 NY2d 960; *People v Shields*, 134 AD2d 541). Santucci, J.P., S. Miller, Friedmann and Prudenti, JJ., concur.