■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE WYNN, Appellant. [808 NYS2d 717]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Collini, J.), rendered April 14, 2004,

convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Police officers in an unmarked car in a drug-prone area believed they had witnessed a drug transaction as they observed the defendant holding money after making a hand-to-hand exchange of a small object. As the officers pulled up to the subject location, the defendant ducked behind a parked van. At that point, the officers exited their vehicle and approached the defendant, who dropped the money and walked away. He ignored an officer's inquiries and started running. One of the officers chased the defendant. During the chase, the officer saw the defendant drop a plastic bag which he believed contained, and did in fact, contain cocaine on the sidewalk and discard a handgun in a nearby lot. The Supreme Court denied suppression of the cocaine and the gun.

Contrary to the People's contention, the defendant's argument that the officers did not have reasonable suspicion to pursue him is preserved for appellate review (*see People v Baez,* 13 AD3d 463 [2004]; *cf. People v Martin,* 50 NY2d 1029, 1031 [1980]). At the suppression hearing, the defendant challenged the basis for the officers' conduct and the People were afforded "a fair opportunity to present their proof on that issue" (*People v Martin, supra* at 1031; *cf. People v Underwood,* 126 AD2d 584 [1987]; *People v Jones,* 81 AD2d 22, 41-42 [1981]).

However, the hearing court properly denied suppression of the gun and cocaine. The officers observed "specific circumstances" which, coupled with the defendant's flight, gave them reasonable suspicion to pursue the defendant (*People v Sierra,* 83 NY2d 928, 929 [1994]; *see People v Leung,* 68 NY2d 734 [1986]). Since the pursuit of the defendant was justified, the gun and cocaine that he discarded during the pursuit were lawfully recovered (*see People v Sierra, supra* at 930; *People v Leung, supra* at 736-737; *People v Brogdon,* 8 AD3d 290, 291-292 [2004]). Florio, J.P., Schmidt, Fisher and Dillon, JJ., concur.