■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMIE WILLIAMS, Appellant. [845 NYS2d 247]—

Judgment, Supreme Court, Bronx County (Margaret Clancy, J.), rendered October 14, 2005, convicting defendant, after a jury trial, of criminal sale of a controlled substance in or near school grounds and criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, unanimously affirmed.

The court properly denied defendant's suppression motion. At the initial suppression hearing, the People established that the purchasing undercover officer and the ghost officer described the seller by race, gender and specific clothing to the arresting officer, who found defendant a few minutes later sitting at the exact location of the sale, and that defendant was the only person in the vicinity who matched the description. Nevertheless, the hearing court initially ruled that this information was insufficient to provide probable cause for defendant's arrest, and it suppressed the buy money recovered from his person. However, the court granted the People's application to reopen the hearing, finding that it had misled the People as to the scope of the hearing and deprived them of a fair opportunity to prove probable cause, as opposed to reasonable suspicion. At the reopened hearing, the People elicited additional evidence that the ghost officer specifically identified defendant before he was arrested and searched. The court then ruled that the new testimony about the ghost established probable cause, but it also ruled, contrary to its prior determination that had been adverse to the People, that the radioed description independently provided probable cause given the spatial and temporal factors. We conclude that the latter ruling was correct (*see e.g. People v Tucker*, 25 AD3d 382 [2006], *lv denied* 7 NY3d 764 [2006]), and that the court correctly vacated its original erroneous determination and substituted a determination adverse to

defendant. Since the additional testimony adduced at the reopened hearing was not necessary to this determination, we need not reach the question whether the court properly reopened the hearing.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning identification and credibility (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). There was ample evidence of defendant's guilt, including his possession of the buy money.

Defendant's pro se ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters outside the record concerning counsel's strategic choices (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Defendant's other pro se arguments are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Tom, J.P., Saxe, Sullivan, Gonzalez and Sweeny, JJ.