◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME BRITT, Appellant. [888 NYS2d 761]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered September 20, 2007, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and sentencing him to a determinate term of two years imprisonment, plus two years' postrelease supervision. The appeal brings up for review the denial, after a hearing (Holdman, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the period of postrelease supervision imposed as part of the sentence; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for the reimposition of a period of postrelease supervision in accordance herewith.

The hearing court properly determined that the arresting police officers had a founded suspicion that the defendant was engaged in criminal activity, warranting the common-law right of inquiry, which, by virtue of the defendant's flight, ripened into reasonable suspicion to pursue (*see People v Matienzo*, 81 NY2d 778, 780 [1993]; *People v De Bour*, 40 NY2d 210, 222-223 [1976]; *People v Wynn*, 25 AD3d 576, 577 [2006]; *People v Riley*, 290 AD2d 568 [2002]; *People v Largo*, 282 AD2d 548, 549 [2001]). Further, because the pursuit of the defendant was justified, the gun he discarded during the pursuit was not subject to suppression as the result of unlawful police behavior (*see People v Wynn*, 25 AD3d at 577; *People v Riley*, 290 AD2d at 568). Accordingly, the hearing court properly declined to suppress that gun.

Under the circumstances, the minimum period of postrelease supervision that the sentencing court could have imposed was 1½ years (*see* Penal Law § 70.45 [2] [e]). However, our review of the record gives rise to a concern that the sentencing court, which, inter alia, incorrectly indicated that "the minimum" period of postrelease supervision that could be imposed was two years, misapprehended its sentencing discretion with respect to that period. Accordingly, as the People correctly concede, the period of postrelease supervision imposed must be vacated, and the matter remitted for reconsideration of the length of that period and the reimposition of a period of postrelease supervision thereafter (*cf. People v Reynolds*, 57 AD3d 336 [2008]; *People v Yant*, 223 AD2d 747 [1996]; *People v Jeffries*, 166 AD2d 665, 666 [1990]). Covello, J.P., Santucci, Chambers and Lott, JJ., concur.