◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMION HENRY, Appellant. [911 NYS2d 164]—

Appeal by the defendant from a resentence of the Supreme Court, Kings County (D'Emic, J.), imposed May 11, 2009, which, upon his conviction of attempted murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, imposed a period of postrelease supervision of five years on each count, to run concurrently with each other, in addition to the determinate sentence of imprisonment originally imposed on May 25, 2006.

Ordered that resentence is reversed, on the law and as a matter of discretion in the interest of justice, the period of postrelease supervision imposed as part of the resentence is vacated, and the matter is remitted to the Supreme Court, Kings County, for the reimposition of a period of mandatory postrelease supervision in accordance herewith.

The defendant was convicted, after a jury trial, of attempted murder in the second degree and criminal possession of a weapon in the second degree. On May 25, 2006, he was sentenced to concurrent determinate terms of imprisonment, consisting of 25 years on the conviction of attempted murder in the second degree and 15 years on the conviction of criminal possession of a weapon in the second degree. In 2009, while the defendant was still incarcerated and serving the original sentence, the defendant was brought before the Supreme Court

for resentencing, so that the period of mandatory postrelease supervision (hereinafter PRS) could be imposed (*see* Penal Law § 70.45). At the resentencing, the Supreme Court stated, inter alia, "I have to impose a period of five years post-release supervision. I don't think there is any leeway."

Contrary to the defendant's contention, the resentencing did not subject him to double jeopardy (*see People v Tillman*, 74 AD3d 1251 [2010], *lv denied* 15 NY3d 856 [2010]; *People v Mendez*, 73 AD3d 951 [2010], *lv denied* 15 NY3d 854 [2010]; *People v Parisi*, 72 AD3d 989 [2010]; *People v Prendergast*, 71 AD3d 1055 [2010]; *cf. People v Jordan*, 15 NY3d 727 [2010]; *People v Hassell*, 14 NY3d 925 [2010]; *People v Williams*, 14 NY3d 198 [2010], *cert denied* 562 US —, 131 S Ct 125 [2010]). Further, his constitutional right to due process was not violated by the resentencing (*see People v Mendez*, 73 AD3d 951 [2010], *lv denied* 15 NY3d 854 [2010]; *People v Scalercio*, 71 AD3d 1060 [2010]).

However, the Supreme Court's statement that it was compelled to impose a five-year period of PRS was incorrect. In fact, the Supreme Court had authority to impose a period of PRS within a range which "shall be not less than two and one-half years nor more than five years" (Penal Law § 70.45 [2] [f]). Accordingly, we vacate the period of PRS, and remit the matter to the Supreme Court, Kings County, for reconsideration of the length of that period and reimposition of a period of mandatory PRS thereafter (*see People v Britt*, 67 AD3d 1023, 1024 [2009]; *People v Charles*, 67 AD3d 698, 699 [2009]). At the resentencing, the Supreme Court is free to impose any lawful period of mandatory PRS it deems appropriate, including a period of PRS of five years on each count if, in the exercise of its full discretion, it finds such a period to be warranted. Rivera, J.P., Skelos, Chambers and Roman, JJ., concur.