# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**156**

**KA 07-02678**

PRESENT: SMITH, J.P., CARNI, SCONIERS, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

JASON CURRY, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRENTON P. DADEY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered September 26, 2007. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Contrary to defendant's contention, County Court properly refused to suppress the handgun found on his person by a police officer inasmuch as the officer had reasonable suspicion to detain and subsequently frisk him (*see generally People v De Bour*, 40 NY2d 210, 223). According to the transcript of the suppression hearing, while investigating a reported fight between two black males with handguns, the officer was informed by three witnesses that the men involved in the fight had "just walked in" a nearby market. The officer responded to the market immediately and, upon opening the door to the market, he observed defendant in the doorway. Defendant "stepped into" and attempted to "push past" the officer, at which point the officer ordered defendant to stop. Based on the information known to the officer and defendant's furtive behavior upon encountering the officer in the doorway, the officer had reasonable suspicion to detain defendant (*see id.; see generally People v May*, 81 NY2d 725, 728). The officer was also authorized to frisk defendant once defendant moved his hand quickly toward his waistband as the officer pulled him aside for questioning. "A corollary of the statutory right to temporarily detain for questioning is the authority to frisk if the officer reasonably suspects that he [or she] is in danger of physical injury by virtue of the detainee being armed" (*De Bour*, 40 NY2d at 223). It is well settled that a

police officer need not "await the glint of steel before [the officer] can act to preserve his [or her] safety" (*People v Benjamin*, 51 NY2d 267, 271).