THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KEVIN BUIE, Respondent. [932 NYS2d 145]—

At 2:00 A.M. on June 10, 2009, two police officers in plain-clothes in an unmarked police vehicle were on an anticrime patrol assignment in a Brooklyn housing complex when they heard gunshots. From their vehicle, the officers canvassed the area and, within seconds, came upon a group of men drinking alcohol on the basketball courts. One officer testified that he believed the gunshots came from that area. No one else was in the area. As one officer exited the vehicle, he immediately identified himself as a police officer, and approached the men. The men, except the defendant, started to slowly walk off to the left. The defendant, however, immediately ran to the right, toward one building of the housing complex, with his left hand swinging freely and his right hand pinned to his waist, prompting the officer to pursue the defendant. When the defendant neared the building, both of his hands were swinging, and the officer observed the barrel of a black firearm in one of the defendant's hands. The defendant ran into the building and up the stairwell to the sixth floor, with the officer in pursuit. As the officer exited the sixth floor stairwell, he observed the defendant, who no longer had a firearm in his hand, shutting the trash compactor. The officer "heard some clicking as it was going down, as if something metal had been thrown down there." The police subsequently recovered a .38 caliber handgun from the basement of building, inside the trash compactor.

"Police pursuit of an individual significantly impede[s] the person's freedom of movement" and, thus, "must be justified by reasonable suspicion that a crime has been, is being, or is about to be committed" (*People v Holmes*, 81 NY2d 1056, 1057-1058

[1993] [internal quotation marks omitted]; *see People v Martinez*, 80 NY2d 444, 447 [1992]). "[A] defendant's flight in response to an approach by the police, combined with other specific circumstances indicating that the suspect may be engaged in criminal activity, may give rise to reasonable suspicion" (*People v Sierra*, 83 NY2d 928, 929 [1994]).

Here, the defendant's actions of breaking away from the group and running from police officers with one hand pinned to his waist, only moments after the police heard gunshots in the area, were sufficient to give rise to a reasonable suspicion that he was engaged in criminal activity (*id.* at 930; *see People v Pines*, 99 NY2d 525 [2002]). Consequently, because the police had reasonable suspicion to pursue the defendant, the gun that the defendant discarded during the pursuit was not a product of improper or illegal police conduct (*see People v Sierra*, 83 NY2d at 929; *People v Wynn*, 25 AD3d 576 [2006]). Accordingly, the Supreme Court should have denied that branch of the defendant's omnibus motion which was to suppress the handgun recovered by the police. Rivera, J.P., Eng, Belen and Austin, JJ., concur.