■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW SOSCIA, Appellant. [946 NYS2d 653]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Lorenzo, J.), rendered January 5, 2011, convicting him of criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

A police officer patrolling in a marked police car in a high-crime area at around 1:40 A.M. observed hand-to-hand contact between a man, later identified as the defendant, and a woman, who were standing together with two other males. The area was known as one in which narcotics sales frequently occurred, and for this reason, as well as the nature of the hand-to-hand movement, the officer suspected a drug transaction. As the officer approached the group, the woman walked away, despite the officer's request for identification. The officer requested identification from the remaining three men; the two bystander males complied, and the officer recognized them from previous arrests for weapons possession. The defendant, however, did not respond to the officer's request for identification, but stood with his hands in his pockets. Upon the officer's request for identification, to state whether he had a weapon, and to remove his hands from his pockets, the defendant fled. The officer pursued him to the rear of a residence, where the defendant encountered a fence which prevented his further flight. The defendant then placed some objects on the ground, and was overtaken and handcuffed. The officer then recovered the discarded objects, which included a knife.

The hearing court properly determined that the arresting police officer had a founded suspicion that the defendant was engaged in criminal activity, triggering the common-law right of inquiry, which, by virtue of the defendant's flight, ripened into reasonable suspicion to pursue (*see People v Sierra*, 83 NY2d 928 [1994]; *People v Matienzo*, 81 NY2d 778, 780 [1993]; *People*

*v De Bour*, 40 NY2d 210, 222-223 [1976]; *People v Britt*, 67 AD3d 1023, 1024 [2009]; *People v Wynn*, 25 AD3d 576, 577 [2006]). Because the pursuit of the defendant was justified, the knife he discarded during the pursuit was not subject to suppression as the result of unlawful police behavior (*see People v Sierra*, 83 NY2d 928 [1994]; *People v Britt*, 67 AD3d at 1024; *People v Wynn*, 25 AD3d at 577; *People v Riley*, 290 AD2d 568 [2002]).

Accordingly, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence. Dillon, J.P., Balkin, Eng and Chambers, JJ., concur.