# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

90

KA 11-00190

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, VALENTINO, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                     MEMORANDUM AND ORDER

MEL T. WILKINS, ALSO KNOWN AS MELZER WILKINS,
ALSO KNOWN AS MELZEE WILKINS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (VINCENT F. GUGINO OF
COUNSEL), FOR DEFENDANT-APPELLANT.

MEL T. WILKINS, DEFENDANT-APPELLANT PRO SE.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Penny
M. Wolfgang, J.), rendered November 12, 2010.  The judgment convicted
defendant, upon a jury verdict, of criminal possession of a weapon in
the second degree, criminal possession of a weapon in the third
degree, resisting arrest and unlawful possession of marihuana.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law and as a matter of discretion in the
interest of justice by reversing that part convicting defendant under
count two of the indictment and dismissing that count and by vacating
the sentence imposed for criminal possession of a weapon in the second
degree and as modified the judgment is affirmed, and the matter is
remitted to Supreme Court, Erie County, for resentencing on that
offense.

Memorandum:  On appeal from a judgment convicting him, upon a
jury verdict, of criminal possession of a weapon in the second degree
(Penal Law § 265.03 [3]), criminal possession of a weapon in the third
degree (§ 265.02 [1]), resisting arrest (§ 205.30), and unlawful
possession of marihuana (§ 221.05), defendant contends that the
evidence is legally insufficient on all counts except for unlawful
possession of marihuana and that the verdict is against the weight of
the evidence to that extent.  We reject those contentions.  The
evidence, viewed in the light most favorable to the prosecution (*see
People v Contes*, 60 NY2d 620, 621), is legally sufficient to support
the conviction with respect to the weapon counts under a theory of
constructive possession (*see People v Sierra*, 45 NY2d 56, 59-60).
Specifically, defendant owned the premises where the weapon was found,
he testified that he lived there part-time, and he was there when the

search warrant was executed.  Thus, the evidence is legally sufficient to establish that defendant exercised dominion and control over the area where the weapon was located (*see People v Shoga*, 89 AD3d 1225, 1227, *lv denied* 18 NY3d 886).  The evidence is also legally sufficient to support the conviction of resisting arrest.  The evidence established that defendant struggled with police officers after they were forced to remove him from a hiding place in a cubbyhole (*see generally People v Bleakley*, 69 NY2d 490, 495).  Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence with respect to the challenged counts (*see generally Bleakley*, 69 NY2d at 495).

Defendant contends that the search warrant was not properly issued because Supreme Court failed to conduct an adequate examination of the sworn testimony of the confidential informant to ensure that the search warrant was issued in compliance with CPL 690.40.  We reject that contention.  There was substantial compliance with the requirements of CPL 690.40 (1), i.e., there was sworn testimony before the issuing judge and the confidential informant's testimony was both recorded and summarized (*see generally People v Serrano*, 93 NY2d 73, 77-78).  Nor was the search warrant overly broad because it authorized a search of the entire premises (*see generally People v Nieves*, 36 NY2d 396, 401).  There were varying descriptions of the specific location of the drugs at the premises and the address was described as a multiple dwelling.  The court thus properly found that it was reasonably clear that the dwelling area and the drug activities encompassed both the lower and upper levels of the premises to be searched.

As the People correctly concede, however, count two, for criminal possession of a weapon in the third degree, must be dismissed because it is a lesser inclusory concurrent count of criminal possession of a weapon in the second degree (*see generally People v Rodrigues*, 74 AD3d 1818, 1819, *lv denied* 15 NY3d 809, *cert denied* ___ US ___, 131 S Ct 1505).  We therefore modify the judgment accordingly.

We further modify the judgment by vacating the sentence imposed for criminal possession of a weapon in the second degree because the court advised defendant that his determinate sentence on that count necessarily included a five-year period of postrelease supervision.  We note that the court was authorized to impose a shorter period of postrelease supervision (*see* Penal Law § 70.45 [2] [f]), however, and we thus exercise our power to review the issue as a matter of discretion in the interest of justice (*see People v King*, 57 AD3d 1495, 1496), and we remit the matter to Supreme Court for resentencing on that count (*see People v Kropp*, 49 AD3d 1339, 1340; *People v Figueroa*, 17 AD3d 1130, 1131, *lv denied* 5 NY3d 788).

We have considered defendant's remaining contentions, including those raised in his pro se supplemental brief, and conclude that they

are without merit.

Entered:  March 15, 2013

Frances E. Cafarell
Clerk of the Court