# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**344**

**KA 11-01224**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                                   MEMORANDUM AND ORDER

JEROME TROTT, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JESSAMINE I. JACKSON OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID PANEPINTO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered May 9, 2011. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the period of postrelease supervision and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Defendant contends that Supreme Court erred in denying his motion to suppress certain physical evidence and his statements to the police because he was subjected to an unlawful seizure. We reject that contention inasmuch as the evidence at the suppression hearing established that the police officers who arrested defendant had "a reasonable suspicion" that defendant committed, was committing or was about to commit a felony or misdemeanor (*People v De Bour*, 40 NY2d 210, 223). Specifically, a confidential informant who had supplied reliable information to the police on approximately 40 previous occasions described defendant and his whereabouts to a police officer and informed him that defendant was carrying a loaded weapon holstered to his chest. The police officer set up surveillance in the area, saw defendant within seconds and then called another police officer to serve as backup. The two officers drove in one vehicle to defendant's location without activating the vehicle's lights or sirens. Upon approaching defendant, the officers noticed defendant turning his back on them, acting in a nervous manner and reaching for his chest. When defendant ignored repeated requests from the officers to show his hands, the officers asked defendant if he had something in his possession that was causing him to act that way. Defendant responded

that he had his mother's gun.  The officers secured the gun, placed defendant under arrest and advised him of his *Miranda* rights.  Throughout the encounter, the officers had their guns holstered and they did not pat down defendant or handcuff him until he admitted to possessing a gun.  We conclude that those circumstances did not subject defendant to an unlawful seizure (*see People v Jenkins*, 209 AD2d 164, 165; *see generally People v Bora*, 83 NY2d 531, 534-536).

Defendant's contention that the court erred in refusing to suppress his statements to the officers because he was not advised of his *Miranda* rights is without merit.  Defendant was not arrested until he told the officers he had a gun and there was no requirement that he be read his *Miranda* rights before that point (*see People v Whyte*, 47 AD3d 852, 853; *see also People v Jones*, 118 AD2d 86, 89, *affd* 69 NY2d 853).  Defendant failed to preserve for our review his further contention that the testimony of the officers was tailored to overcome constitutional objections (*see People v Watson*, 90 AD3d 1666, 1667, *lv denied* 19 NY3d 868), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We agree with defendant, however, that the period of postrelease supervision must be vacated.  The court's statement that "this determinate sentence automatically includes a period of postrelease supervision of five years" reflects that the court misapprehended that it had discretion to sentence defendant to less than five years of postrelease supervision (*see People v Britt*, 67 AD3d 1023, 1024, *lv denied* 14 NY3d 770).  We therefore modify the judgment by vacating the period of postrelease supervision, and we remit the matter to Supreme Court for "reconsideration of the length of that period and the reimposition of a period of postrelease supervision thereafter" (*id.*).

Entered:  April 26, 2013                        Frances E. Cafarell
                                                Clerk of the Court