Appeal by the defendant from a judgment of the Supreme Court, Queens County (Zayas, J.), rendered April 19, 2011, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Hanophy, J.), after a hearing, of that branch of the defendant’s omnibus motion which was to suppress physical evidence.
Ordered that the judgment is affirmed.
The Supreme Court properly denied that branch of the defendant’s omnibus motion which was to suppress the gun recovered from his person during a traffic stop. Contrary to the defendant’s contention, the police officer’s testimony at the hearing on June 22, 2010, that he observed an ammunition *827 magazine in plain view inside the vehicle in which the defendant was a passenger, after stopping the vehicle for a traffic violation, was not incredible as a matter of law and did not appear to have been patently tailored to nullify constitutional objections (see People v Barley, 82 AD3d 996, 997 [2011]; People v Coles, 62 AD3d 1022, 1022-1023 [2009]; People v James, 19 AD3d 617, 618 [2005]). Moreover, although, upon the exercise of our factual review power, this Court may make its own findings of fact if it determines that the hearing court incorrectly assessed the evidence (see People v Anderson, 91 AD3d 789 [2012]; People v Meyers, 80 AD3d 715, 716 [2011]; People v Rodriguez, 77 AD3d 280, 284-285 [2010]; People v O’Hare, 73 AD3d 812, 813 [2010]; Matter of Robert D., 69 AD3d 714, 716-717 [2010]), we cannot say that the hearing court was incorrect in crediting the police officer’s testimony (see People v Dunbar, 104 AD3d 198 [2013]; People v Wilson, 96 AD3d 980, 981 [2012]; People v McClendon, 92 AD3d 959, 960 [2012]).
The defendant’s contention that the Supreme Court improperly reopened the hearing is unpreserved for appellate review. In any event, since the officer’s testimony at the initial hearing established that the police had the necessary reasonable suspicion to justify the challenged pat-down search of the defendant (see CPL 140.50 [3]; People v Batista, 88 NY2d 650, 654 [1996]; People v Ragland, 156 AD2d 953 [1989]; People v Walker, 151 AD2d 794 [1989]), we need not reach this contention (see People v Williams, 45 AD3d 269, 269-270 [2007]).
The defendant’s remaining contention is without merit. Dillon, J.P., Chambers, Sgroi and Miller, JJ., concur.