■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN WOODS, Appellant. [982 NYS2d 180]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (St. George, J.), rendered May 21, 2010, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motion, of the suppression of physical evidence.

Ordered that the judgment is affirmed.

The defendant's purported waiver of the right to appeal is invalid because there is no indication in the record that the defendant understood the distinction between the right to appeal and the other trial rights which are forfeited incident to a plea of guilty (*see People v Moyett*, 7 NY3d 892, 892-893 [2006]; *People v Lopez*, 6 NY3d 248, 256 [2006]). Therefore, in the absence of a knowing, voluntary, and intelligent waiver of the right to appeal, the defendant retained his right to challenge the denial, after a hearing pursuant to a stipulation in lieu of motion, of the suppression physical evidence (*see* CPL 710.20 [2]; *People v Barrett*, 105 AD3d 862, 862-863 [2013]; *People v Jacob*, 94 AD3d 1142, 1144 [2012]).

Nevertheless, the hearing court properly denied the suppres-

sion of physical evidence. The hearing court properly determined that the police officer's testimony at the hearing established that he had a founded suspicion that the defendant was engaged in criminal activity, triggering the common-law right of inquiry, which, by virtue of the defendant's flight, ripened into reasonable suspicion to pursue him (*see People v Sierra*, 83 NY2d 928 [1994]; *People v Barrow*, 103 AD3d 745 [2013]; *People v Soscia*, 96 AD3d 1081 [2012]). Moreover, although, upon the exercise of our factual review power, this Court may make its own findings of fact if it determines that the hearing court incorrectly assessed the evidence (*see People v Lewis*, 107 AD3d 826, 827 [2013]; *People v Anderson*, 91 AD3d 789 [2012]; *Matter of Robert D.*, 69 AD3d 714, 716-717 [2010]), we cannot say that the hearing court was incorrect in crediting the police officer's testimony (*see People v Lewis*, 107 AD3d at 827).

By pleading guilty, the defendant forfeited his contention regarding the denial of his application to dismiss the count of the indictment that charged him with criminal possession of a weapon in the second degree, based upon the sufficiency of the evidence before the grand jury (*see e.g. People v Hansen*, 95 NY2d 227, 233 [2000]; *People v Devodier*, 102 AD3d 884, 885 [2013]; *People v Wager*, 34 AD3d 505, 506 [2006]). Skelos, J.P., Dickerson, Leventhal and Hall, JJ., concur.