# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**274**

**KA 12-00547**

PRESENT: SMITH, J.P., FAHEY, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                MEMORANDUM AND ORDER

DALE A. BELL, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT B. HALLBORG, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered January 13, 2012. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the period of postrelease supervision and as modified the judgment is affirmed, and the matter is remitted to Erie County Court for further proceedings in accordance with the following Memorandum: On this appeal by defendant from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), the People correctly concede that the period of postrelease supervision imposed by County Court must be vacated because the court "misapprehended its sentencing discretion with respect to that period" (*People v Britt*, 67 AD3d 1023, 1024, *lv denied* 14 NY3d 770; *see People v Trott*, 105 AD3d 1416, 1417-1418, *lv denied* 21 NY3d 1020; *People v Wilkins*, 104 AD3d 1156, 1157, *lv denied* 21 NY3d 1011). The record demonstrates that, during the plea colloquy, the court informed defendant that the minimum period of postrelease supervision for the crime to which he pleaded guilty, a class C violent felony offense (*see* § 70.02 [1] [b]), was five years when, in fact, the minimum period is 2½ years (*see* § 70.45 [2] [f]). We therefore vacate the period of postrelease supervision and remit the matter to County Court for "reconsideration of the length of that period and the reimposition of a period of postrelease supervision thereafter" (*Britt*, 67 AD3d at 1024).

Entered:  March 28, 2014                        Frances E. Cafarell
                                                Clerk of the Court