# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1312**
**KA 10-02076**
PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

HARASHA L. PURYEAR, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANE I. YOON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered July 7, 2010. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). We reject defendant's contention that defense counsel was ineffective in failing to argue in support of the motion to suppress the shotgun that the officer lacked probable cause to search the vehicle in which it was found or that it was improperly discovered and seized as a result of the officer's use of a flashlight. It is well settled that the "failure to make . . . [an] argument that has little or no chance of success" does not constitute ineffective assistance (*People v Dashnaw*, 37 AD3d 860, 863, *lv denied* 8 NY3d 945 [internal quotation marks omitted]).

We also reject defendant's contention that his conviction of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]) should be reversed and that count dismissed on the ground that it is a lesser inclusory concurrent count of criminal possession of a weapon in the second degree (§ 265.03 [3]). "[A] comparative examination of the statutes defining the two crimes, in the abstract" (*People v Glover*, 57 NY2d 61, 64), demonstrates that it is possible to commit criminal possession of a weapon in the second degree without by the same conduct committing criminal possession of a weapon in the third degree (*compare* § 265.02 [1] *with* § 265.03 [3]). For example, a defendant in possession of a loaded gun outside of his or her home or

business who had not previously been convicted of any crime would be committing only the second-degree but not the third-degree offense. Because it is possible to commit the greater offense without committing the lesser one, the two counts are " 'non-inclusory concurrent counts' " (*People v Leon*, 7 NY3d 109, 112, quoting CPL 300.30 [4]; *see* CPL 300.30 [3]).  To the extent that the prior decision of this Court in *People v Wilkins* (104 AD3d 1156, *lv denied* 21 NY3d 1011) was based on an incorrect concession by the People and suggests a rule to the contrary, we conclude that *Wilkins* should no longer be followed.

Finally, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Entered:  January 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court