# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

694
KA 14-00064
PRESENT: SCUDDER, P.J., CARNI, SCONIERS, VALENTINO, AND WHALEN, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                            MEMORANDUM AND ORDER

JOSE G. JOHNSON, DEFENDANT-APPELLANT.

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (SYDNEY V. PROBST OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered October 28, 2013. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). We reject defendant's contention that County Court erred in refusing to suppress the handgun seized from him as he stood on the porch of his cousin's residence. Contrary to defendant's contention, the police conduct "was justified in its inception and at every subsequent stage of the encounter" (*People v Nicodemus*, 247 AD2d 833, 835, *lv denied* 92 NY2d 858). The officer had an "objective, credible reason, not necessarily indicative of criminality," to approach defendant to request information (*People v Moore*, 6 NY3d 496, 498; *see People v DeBour*, 40 NY2d 210, 223; *People v Bracy*, 91 AD3d 1296, 1297, *lv denied* 20 NY3d 1060). The officer's level of suspicion and the justification for increasingly intrusive police action escalated when defendant turned and the officer observed the outline of a handgun in the pocket of defendant's windbreaker jacket. Based on that observation, the officer had at least a "founded suspicion that criminal activity [was] afoot" to support his common-law right to inquire whether the object was a gun (*DeBour*, 40 NY2d at 223; *see People v Hollman*, 79 NY2d 181, 184-185). When defendant gave an affirmative response, the officer was entitled to pat down defendant, seize the handgun (*see People v Trott*, 105 AD3d 1416, 1417, *lv denied* 21 NY3d 1020), and arrest defendant (*see People*

*v Forbes*, 244 AD2d 954, 954, *lv denied* 91 NY2d 941).

Frances E. Cafarell
                                                            Clerk of the Court