■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVON BATTEE, Appellant. [12 NYS3d 255]—Appeal by the defendant from a resentence of the Supreme Court, Kings County (Marrus, J.), imposed June 8, 2012, upon his conviction of manslaughter in the first degree, upon a jury verdict, the resentence being a period of five years of postrelease supervision in addition to the determinate term of imprisonment previously imposed on April 25, 2000.

Ordered that the resentence is reversed, on the law, the period of postrelease supervision which was added to the determinate term of imprisonment is vacated, and the matter

is remitted to the Supreme Court, Kings County, for the reimposition of a period of mandatory postrelease supervision in accordance herewith.

The defendant was resentenced to add a statutorily required period of postrelease supervision (hereinafter PRS) to his determinate term of imprisonment. Since the defendant had not yet completed his originally imposed prison term when he was resentenced, the resentencing did not subject him to double jeopardy or violate his right to due process of law (*see People v Lingle*, 16 NY3d 621, 630-633 [2011]; *People v Harrison*, 112 AD3d 967, 968 [2013]).

Nonetheless, as the People correctly concede, resentencing is required because the record supports the defendant's contention that the Supreme Court was unaware that it had discretion as to the length of the period of PRS. Specifically, the court stated that the law required it to impose a period of PRS of five years. In fact, the court had the authority to impose a period of PRS of between 2½ years and five years (Penal Law § 70.45 [2] [f]). Accordingly, we vacate the period of PRS and remit the matter to the Supreme Court, Kings County, for consideration of the appropriate period of PRS and for the reimposition of a period of mandatory PRS thereafter (*see People v Henry*, 78 AD3d 861, 862 [2010]).

In light of our determination, we need not address the defendant's remaining contentions. Balkin, J.P., Austin, Duffy and Barros, JJ., concur.