# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

338

KA 13-00645

PRESENT: SMITH, J.P., DEJOSEPH, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JIMMIE L. JOHNSON, JR., DEFENDANT-APPELLANT.

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Monroe County (Joanne M. Winslow, J.), rendered January 22, 2013. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree (two counts) and menacing a police officer or peace officer (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]; [3]). Contrary to defendant's contention, Supreme Court properly refused to suppress evidence, including a handgun, seized by a police officer from defendant's person. A Rochester police officer testified that he stopped defendant's bicycle for a violation of the Vehicle and Traffic Law, and the court's determination to credit that testimony over defendant's evidence to the contrary "is entitled to great deference" (*People v Frazier*, 52 AD3d 1317, 1317, *lv denied* 11 NY3d 788; *see People v Prochilo*, 41 NY2d 759, 761). "Great weight must be accorded to the determination of the suppression court because of its ability to observe and assess the credibility of the witnesses, and its findings should not be disturbed unless clearly erroneous or unsupported by the hearing evidence" (*People v Coleman*, 306 AD2d 941, 941, *lv denied* 1 NY3d 596; *see People v Mateo*, 2 NY3d 383, 414, *cert denied* 542 US 946). Here, the People presented evidence establishing that, as defendant fled the scene, the officer observed him remove an object from his waistband and move his hands in a way that led the officer to conclude that defendant was attempting to chamber a round of ammunition into a semiautomatic handgun, providing the officer with reasonable suspicion to detain defendant (*see People v Curry*, 81 AD3d 1315, 1315, *lv denied* 16 NY3d 858; *People v Wilson*, 5 AD3d 408, 409,

*lv denied* 2 NY3d 809).  Upon observing the weapon in defendant's hand, the officer had probable cause to arrest defendant (*see People v Madrid*, 52 AD3d 530, 531, *lv denied* 11 NY3d 790; *People v Forbes*, 244 AD2d 954, 954, *lv denied* 91 NY2d 941).

Entered:  April 29, 2016                         Frances E. Cafarell
                                                Clerk of the Court