Appeal by the defendant from a resentence of the Supreme Court, Queens County (Buchter, J.), imposed August 20, 2012, upon his convictions of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, the resentence being a period of postrelease supervision in addition to the determinate term of imprisonment previously imposed on March 4, 2004.
 

 Ordered that the resentence is affirmed.
 

 The defendant contends that the resentencing court erred in imposing a period of postrelease supervision of 5 years rather than 2V2 years after it allegedly promised to impose the “minimum allowable” period of postrelease supervision. Contrary to the defendant’s contention, the court did not misapprehend its sentencing discretion with respect to that period, since the only period of postrelease supervision that it could have imposed upon the defendant, an adjudicated second violent felony offender, was 5 years (see Penal Law § 70.45 [2]; cf. People v Henry, 78 AD3d 861, 862 [2010]; People v Britt, 67 AD3d 1023, 1024 [2009]). Accordingly, the court’s imposition of a 5-year period of postrelease supervision was proper.
 

 Rivera, J.P., Austin, Roman, Hinds-Radix and Connolly, JJ., concur.