People v Jackson (2018 NY Slip Op 05491)





People v Jackson


2018 NY Slip Op 05491


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2015-12235
 (Ind. No. 2002/14)

[*1]The People of the State of New York, respondent,
v
Dominique J. Jackson, appellant.


Paul Skip Laisure, New York, NY, for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Ellen C. Abbot, and Timothy R. McGrath of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Joel L. Blumenfeld, J.), rendered November 24, 2015, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to supress physical evidence and his statement to law enforcement officials.
ORDERED that the judgment is affirmed.
We agree with the Supreme Court's determination to deny suppression of a gun recovered from the defendant's person. The testimony at the suppression hearing demonstrated that a radio call, along with observations made by the officer at the scene and statements the officer heard from individuals at the scene, established that the officer had a founded suspicion that criminal activity was afoot, which, by virtue of the defendant's flight, ripened into reasonable suspicion to pursue him and detain him (see People v Sierra, 83 NY2d 928; People v Woods, 115 AD3d 997; People v Soscia, 96 AD3d 1081). During the lawful stop of the defendant, a gun was recovered inside a hat that was in the defendant's hand, giving the officers probable cause to arrest him (see People v De Bour, 40 NY2d 210, 223; People v Wider, 172 AD2d 573, 574).
Additionally, since the pursuit and subsequent arrest were lawful, the defendant's subsequent written statement to police cannot be deemed the fruit of the poisonous tree subject to the exclusionary rule (see People v Foster, 153 AD3d 853).
BALKIN, J.P., LEVENTHAL, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court