People v Vernon (2018 NY Slip Op 06401)





People v Vernon


2018 NY Slip Op 06401


Decided on September 28, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND WINSLOW, JJ.


1009 KA 18-00398

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
EMERSON VERNON, JR., DEFENDANT-APPELLANT. 






MATTHEW D. NAFUS, SCOTTSVILLE, FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (KEVIN M. LINDER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered December 8, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that Supreme Court erred in refusing to suppress a handgun that the police found during a search of defendant's person and statements subsequently made by defendant to the police on the ground that the search of defendant was not lawful. We reject that contention.
At a suppression hearing, the People presented the testimony of a police officer who had been involved in 40 or 50 firearms-related arrests and had received training in investigating such cases. The officer testified that he was riding as a passenger in the patrol vehicle driven by his partner when he saw defendant about five feet away, walking on the sidewalk to the officer's right. The officer further testified that he exited the vehicle and conducted a search of defendant after he observed an L-shaped outline in the left front pocket of defendant's tight white jeans, which he recognized as a handgun. The handgun was lying flat against defendant's body, at his side. Although the encounter occurred at approximately 11:00 p.m., the area was well lit by a street light that was across the street from where defendant was walking.
We conclude that the officer's "testimony established that the police had reasonable suspicion to believe that . . . defendant had a gun and justified a search" (People v McClendon, 92 AD3d 959, 960 [2d Dept 2012], lv denied 19 NY3d 865 [2012]; see People v Prochilo, 41 NY2d 759, 762 [1977]; People v Williams, 111 AD3d 448, 448 [1st Dept 2013], lv denied 22 NY3d 1204 [2014]). The court credited the testimony of the officer and, contrary to defendant's contention, "[t]here is no basis for disturbing the . . . court's credibility determinations, which are supported by the record" (People v Martorell, 49 AD3d 426, 427 [1st Dept 2008], lv denied 10 NY3d 866 [2008]; see People v Johnson, 138 AD3d 1454, 1454 [4th Dept 2016], lv denied 28 NY3d 931 [2016]).
Entered: September 28, 2018
Mark W. Bennett
Clerk of the Court