People v Gomez (2018 NY Slip Op 08144)





People v Gomez


2018 NY Slip Op 08144


Decided on November 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-10955
 (Ind. No. 4754/15)

[*1]The People of the State of New York, respondent,
v
Benito Gomez, appellant.


Paul Skip Laisure, New York, NY (Lynn W. L. Fahey of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jodi L. Mandel, and Peter N. Pearl of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Betty J. Williams, J.), imposed September 27, 2016, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
Contrary to the People's contention, the record does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257; see also People v Jones, 158 AD3d 775; People v Policastro, 142 AD3d 679). The Supreme Court's statements at the plea allocution improperly suggested that waiving the right to appeal was mandatory rather than a right which the defendant was being asked to voluntarily relinquish (see People v Guarchaj, 122 AD3d 878). Additionally, there is "no indication in the record that the defendant understood the distinction between the right to appeal and the other trial rights which are forfeited incident to a plea of guilty" (People v Cantarero, 123 AD3d 841; see People v Lopez, 6 NY3d 248, 256; People v Woods, 115 AD3d 997). Although the defendant signed a written waiver of the right to appeal, the court never elicited from the defendant that he read and understood the document before signing it (see People v Callahan, 80 NY2d 273, 283; People v Brown, 122 AD3d 133, 139). Thus, the defendant's purported waiver of his right to appeal does not preclude review of his excessive sentence contentions.
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BALKIN, J.P., SGROI, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court