People v Ramirez (2022 NY Slip Op 03255)





People v Ramirez


2022 NY Slip Op 03255


Decided on May 18, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2018-12537
 (Ind. No. 8087/17)

[*1]The People of the State of New York, respondent,
v
Jose Ramirez, appellant.


Patricia Pazner, New York, NY (Martin B. Sawyer of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J. Twersky, and Rachel Raimondi of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Sharen D. Hudson, J.), rendered September 20, 2018, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (John Hecht, J.), of the defendant's motion to suppress physical evidence and his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
The Supreme Court properly denied the defendant's motion to suppress physical evidence and his statements to law enforcement officials. The testimony at the suppression hearing established that the police officer had a founded suspicion that criminal activity was afoot which, by virtue of the defendant's flight, ripened into reasonable suspicion to pursue him and detain him, based upon a radio call, an anonymous tip, and a statement by a witness at the scene that a man wearing a gray hoodie who fired a gunshot went in a certain direction, along with observations made by the police officer at the scene (see People v Smith, 168 AD3d 885, 885; People v Jackson, 163 AD3d 995, 996; People v Woods, 115 AD3d 997, 998; People v Soscia, 96 AD3d 1081, 1081-1082). Contrary to the defendant's contentions, the People argued this theory at the suppression hearing and the court ruled upon it.
Since the pursuit of the defendant was justified, the gun and the gray hoodie he discarded during the pursuit, as well as the bag of marihuana recovered from the defendant's pants pocket at the time of his arrest and certain unprompted statements he made to the police, were not subject to suppression as a result of unlawful police behavior (see People v Sierra, 83 NY2d 928, 930; People v Smith, 168 AD3d at 885; People v Jackson, 163 AD3d at 996; People v Soscia, 96 AD3d at 1082; People v Buie, 89 AD3d 748, 749).
CONNOLLY, J.P., RIVERA, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court