People v Allen (2025 NY Slip Op 01381)

People v Allen

2025 NY Slip Op 01381

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-08848
 (Ind. No. 230/18)

[*1]The People of the State of New York, respondent,
v
Vanny Allen, appellant.

Twyla Carter, New York, NY (Nancy E. Little of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Kaley Hanenkrat of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a resentence of the Supreme Court, Kings County (Matthew J. D'Emic, J.), imposed June 5, 2023, upon the granting of his motion pursuant to CPL 440.20 to set aside a sentence of the same court imposed January 28, 2019, upon his conviction of rape in the third degree, upon his plea of guilty.
ORDERED that the resentence is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.
In January 2019, the Supreme Court sentenced the defendant, upon his plea of guilty to rape in the third degree, as a second felony offender, to an agreed-upon determinate term of imprisonment of 3 years, to be followed by 10 years of postrelease supervision. Thereafter, the defendant moved pursuant to CPL 440.20 to set aside the sentence and for resentencing on the ground that he was improperly adjudicated a second felony offender. The court granted the defendant's motion.
The defendant was not present at the resentencing proceeding in June 2023 because he was incarcerated in Florida. The Supreme Court nonetheless resentenced the defendant to the same sentence as had been previously imposed.
"A defendant has a fundamental right to be personally present at the time sentence is pronounced" (People v Berry, 206 AD3d 755, 756 [internal quotation marks omitted]), which "extends to resentencing or to the amendment of a sentence" (People v Rodriguez, 186 AD3d 625, 626; see People v Stewart, 28 NY3d 1091, 1092). Although the defendant had already completed serving the incarceration portion of his sentence as of resentencing, the defendant had not completed the postrelease supervision component of his sentence, for which the Supreme Court could have resentenced the defendant to a minimum period of 3 years and a maximum period of 10 years (see Penal Law § 70.45[2-a][a]). The defendant was not present at the resentencing proceeding, and the record is devoid of any indication that he waived his right to be present (see People v Berry, 206 AD3d at 756; People v Umar, 203 AD3d 964, 965). Thus, as the People correctly concede, the matter must be remitted to the Supreme Court for resentencing of the defendant.
In light of our determination, we need not reach the defendant's remaining contention.
Accordingly, we remit the matter to the Supreme Court, Kings County, for resentencing, at which the court is free to impose any lawful period of postrelease supervision it deems appropriate (see People v Henry, 78 AD3d 861, 862).
DUFFY, J.P., WOOTEN, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court